IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON RICH, individually and on behalf of all others similarly situated, § § § | |
| *Plaintiff*, § | Case No.: 4:26-cv-330 |
| § | |
| v. § | |
| § | JURY TRIAL DEMANDED |
| KUREHA ENERGY SOLUTIONS, LLC, § § | |
| *Defendant*. | |

## COMPLAINT

Plaintiff JASON RICH ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this action for damages and other legal and equitable relief from Defendant KUREHA ENERGY SOLUTIONS, LLC ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is a collective action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal wage and hour laws.

2. Defendant employed Plaintiff and all those similarly situated in a position called "Field Representatives" and required them to work in excess of 40 hours per week without overtime pay in violation of the FLSA. Instead, they were paid a weekly salary, a day rate (identified as a "field allowance "by Defendant on pay records) for each day worked, and a per diem pay rate for food, without an overtime premium.

Complaint

3. Accordingly, Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective group of persons employed by Defendant as Field Representatives nationwide during the past three years through December 31, 2025, who were denied overtime pay of one and half times their hourly rate for all hours worked in excess of 40 per week in violation of the FLSA and are entitled to recover: (i) unpaid overtime wages; (ii) liquidated damages; (iii) attorney fees and costs; (iv) interest; and (v) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under 29 U.S.C. §§ 201 *et seq*.

5. The Court has general jurisdiction over Defendant, including for the purposes of a nationwide collective, as Defendant is headquartered in Houston, Texas, and has its principal place of business in Houston, Texas.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, inasmuch as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## THE PARTIES

7. Plaintiff is a citizen of Nevada and resides in Henderson, Nevada.

8. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. Defendant is a limited liability corporation that is headquartered in Houston, Texas, and registered to do business in Texas.

10. Defendant's principal place of business is in Houston, Texas.

11. Defendant transacted and continues to transact business within Texas and this judicial district by formerly and currently employing Plaintiff and the Field Representatives within Texas, operating facilities within Houston, Texas.

12. Defendant has at all relevant times been an "employer" covered by the FLSA.

13. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA's overtime requirements.

14. Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA.

## STATEMENT OF FACTS

15. Defendant is an entity engaged in the fracking/oil industry that provides fracking plugs to its clients.

16. Throughout the relevant time period, Defendant employed Plaintiff and the putative collective members as Field Representatives whose job duties were to deliver fracking plugs to Defendant's clients and to report any issues with the fracking plugs to Defendant's technicians so that they may correct them.

17. At the fracking sites, Defendant employed a day shift Field Representative and a night shift Field Representative.

18. Plaintiff began his employment with Defendant as a Field Representative on October 18, 2018.

19. Plaintiff is currently employed by Defendant as a Field Representative.

20. Throughout the relevant time period, Defendant employed Plaintiff and the Field Representatives across the United States, including in the states of Texas, Colorado, North Dakota, Ohio, Oklahoma, and Wyoming.

21. Throughout the relevant time period, Plaintiff and the Field Representatives delivered fracking plugs by loading them on their vehicles, driving to the fracking sites, and unloading them.

22. Thus, throughout the relevant time period, Plaintiff's and the Field Representatives' primary job duties consisted of manual work. They also did not work in an office.

23. Throughout the relevant time period, when there was an issue with the fracking plugs, Plaintiff and the Field Representatives spoke with Defendant's clients regarding the issues and then relayed that information to Defendant's technicians so that they may troubleshoot and correct the issue.

24. Throughout the relevant time period, Plaintiff and the Field Representatives did not troubleshoot the fracking plugs with an issue, nor did they correct them. They simply relayed the information given by Defendant's clients to its technicians.

25. Therefore, throughout the relevant time period, Plaintiff's and the Field Representatives' primary job duties did not include the exercise of discretion and independent judgment.

26. Throughout the relevant time period, Plaintiff and the Field Representatives did not have the ability to hire, fire, or discipline any employee.

27. Throughout the relevant time period, Plaintiff and the Field Representatives did not have the ability to direct the work of any employees.

28. Throughout the relevant time period, Defendant classified Plaintiff and the Field Representatives as employees.

29. Throughout the relevant time period, Plaintiff and the Field Representatives worked approximately 12 to 14 hours per day and seven days a week. Thus, Plaintiff and the Field Representatives worked over 40 hours per week.

30. After several consecutive weeks of work, Plaintiff and the Field Representatives normally took a week off.

31. Throughout the relevant time period, Defendant paid Plaintiff and the Field Representatives a weekly salary that equated to approximately $50,000.00 per year.

32. Throughout the relevant time period, Defendant also paid Plaintiff and the Field Representatives a day rate of approximately $300.00 per day, as well as $50.00 per day as *per diem* pay for food.

33. Throughout the relevant time period, Defendant classified Plaintiff and the Field Representatives as exempt from overtime wages. Accordingly, Defendant did not pay Plaintiff and the Field Representatives an overtime rate of one and a half times their effective hourly rate for all hours worked in excess of 40 per week.

34. In January 2026, Defendant began paying Plaintiff and the Field Representatives on an hourly basis and overtime wages for the hours they worked in excess of 40 per week.

35. Throughout the relevant time period, Defendant's violations of the FLSA were willful as they received complaints of Field Representatives not being paid overtime wages.

36. Throughout the relevant time period, Plaintiff and the Field Representatives had similar job duties.

37. Throughout the relevant time period, Plaintiff and the Field Representatives worked over 40 hours per week without overtime pay.

38. Throughout the relevant time period, Plaintiff and the Field Representatives were misclassified as overtime-exempt.

39. Plaintiff has knowledge of the Field Representatives performing similar job duties to him and working over 40 hours per week without overtime wages because of conversations he had with other Field Representatives and witnessing the same.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following collective:

> All persons who worked for Defendant as a Field Representative nationwide from January 15, 2023, to December 31, 2025, who worked over 40 hours per week without overtime pay at one and a half times their hourly rate for all hours worked in excess of 40 per workweek.

41. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Collective[1] because while employed by Defendant, Plaintiff and all Collective Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid a salary and a day rate, were required to work in excess of 40 hours per workweek, and were all misclassified resulting in the denial of overtime pay at the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek.

---

[1] Hereinafter referred to as the "Collective Plaintiffs."

42. Defendant is and has been aware of the requirement to pay Plaintiff and the Collective Plaintiffs at a rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek, yet willfully failed to do so.

43. The Collective Plaintiffs, under Plaintiff's FLSA claim, are readily discernible and ascertainable. All Collective Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court certifies the FLSA Collective.

44. All questions relating to Defendant's violations of the FLSA share the common factual basis with Plaintiff. No claims under the FLSA relating to the failure to pay statutorily required overtime premiums are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the FLSA Collective.

45. Plaintiff will fairly and adequately represent the interests of the FLSA Collective and have no interests conflicting with the FLSA Collective.

46. A collective action is superior to all other methods of claim adjudication and is necessary in order to fairly and completely litigate violations of the FLSA.

47. Plaintiff's attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

48. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Collective Plaintiffs also creates a risk for varying results based on identical fact patterns, as well as the disposition of the FLSA Collective's interests without their knowledge or contribution.

49. The questions of law and fact are nearly identical for all Collective Plaintiffs, and therefore, proceeding as a collective action is ideal.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**The Fair Labor Standards Act Made by Plaintiff on Behalf of All Collective Plaintiffs (Failure to Pay Overtime Wages)**

50. Plaintiff and the Collective Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

51. Defendant misclassified Plaintiff and the Collective Plaintiffs as overtime exempt.

52. Plaintiff and the Collective Plaintiffs worked in excess of 40 hours per week.

53. Defendant knowingly failed to pay Plaintiff and the Collective Plaintiffs the overtime rate of one and a half times their hourly rate for all hours worked in excess of 40 per week.

54. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

55. Defendant's conduct was in violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Collective Plaintiffs, demands judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the FLSA Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein;

C. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

D. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

E. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

F. Awarding all damages which Plaintiff and Collective Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unpaid overtime wages and liquidated damages;

G. Awarding Plaintiff and Collective Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

H. Awarding Plaintiff and the Collective Plaintiffs post-judgment interest, as provided by law;

I. Awarding Plaintiff and Collective Plaintiffs Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

J. Granting Plaintiff and Collective Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: January 15, 2026

Respectfully Submitted,

*/s/ Brian Pounds*
Brian Pounds
Texas State Bar No. 24126432
bpounds@equalrights.law
**ELLWANGER HENDERSON LLLP**
11149 Research Blvd., Ste. 100
Austin, Texas 78759
Telephone: (737) 808-2262
Facsimile: (737) 808-2262

Alexander White
(*pro hac vice* forthcoming)
Texas State Bar No. 24126840
awhite@vkv.law
**VALLI KANE & VAGNINI LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

**COUNSEL FOR PLAINTIFF**